UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEONZELL BROWN** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1332 and 1446, removes this matter from the Civil District Court for the Parish of Orleans, to the docket of this Honorable Court.

1. This is an insurance coverage and bad faith case. On May 23, 2023, Plaintiff, Leonzell Brown, filed a Petition for Damages in Case No. 2023-4706 in the Civil District Court for the Parish of Orleans, State of Louisiana. *Exhibit A*. State Farm was served with the Plaintiff's Petition on June 19, 2023. *See id.* Plaintiff alleges that his property in New Orleans, Louisiana, sustained damage during Hurricane Ida. Plaintiff's suit asserts a claim for insurance benefits under State Farm policy number 18-C7-1958-0, which policy is incorporated by reference into Plaintiffs' Petition and a copy of which is attached hereto. *Exhibit D*. Plaintiffs also seek extra-contractual damages in connection with State Farm's alleged bad-faith adjustment of their claim.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant.

{S0463223.1}

3. Plaintiff alleges multiple causes of action against State Farm related to State Farm's handling of his insurance claim following Hurricane Ida. Generally, Plaintiff alleges his property sustained damage during Hurricanes Ida, resulting in significant damage to the covered property and contents thereof. *See Exhibit A* ¶¶ 6-8. Plaintiffs further allege that State Farm has failed to adequately pay their property damage claim. *See Exhibit A* ¶¶ 10-11. Plaintiffs then allege that State Farm's failure to pay is arbitrary, capricious and without probable cause and that State Farm thereby breached its duty of good faith and fair dealing as prescribed under LSA-R.S. 22:1973 and LSA-R.S. 22:1892. See *Exhibit A* ¶¶ 17, 28-36.

4. Defendant did not file an Original Answer in state court prior to removal.

5. Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

**II.    GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties**

7. Plaintiff is a resident of New Orleans, Louisiana and, thus, are citizens of Louisiana. *See Exhibit A*, ¶ 1.

8. State Farm Fire and Casualty Company was incorporated in and has its principal place of business located in Illinois. Therefore, State Farm was, at the time this action was commenced, and still is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

{S0463223.1}

### B. The Amount in Controversy Exceeds $75,000.00

9. Plaintiff's claims exceed the jurisdictional threshold of $75,000. Plaintiff seeks monetary damages under the Policy's coverages for dwelling, other structures, personal property and loss of use as well as statutory penalties and attorney's fees. *See Exhibit A* at ¶ 37-39, Prayer for Relief.

10. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), report and recommendation adopted, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

12. In this case, Plaintiff alleges that State Farm has failed to pay the amounts owed to Plaintiff for damage to their property – indeed, that State Farm's "adjustment of the claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property Damage caused by Hurricane Ida." *Exhibit A*, ¶ 10. Plaintiff further alleges that "[t]he actions or inactions of [State Farm] in failing to adequately compensate Plaintiffs for

{S0463223.1}

covered losses under the Policy were arbitrary, capricious, and without probable cause[.]" *Exhibit A*, ¶ 28. Plaintiffs seek penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. *Exhibit A*, Prayer for Relief.

  13. The Plaintiffs' homeowner's dwelling policy provides the following coverages: (1) $358,500 for dwelling; (2) $35,850 for dwelling extension; (3) $268,875 for contents and (4) $107,550 for loss of use. *Exhibit D* at Declarations Page. The coverage limits on this Policy amount to $770,775.

  14. On information and belief, State Farm has issued $43,179.02 in connection with the Plaintiff's claim. Plaintiff asserts that State Farm "has yet to tender adequate insurance proceeds." *Exhibit A*, ¶ 14.

  15. Furthermore, Plaintiff's representatives submitted a demand for payment along with an estimate totaling $225,206.22 Dwelling and $17,875.11 Other Structures to repair the dwelling. Exhibit A, ¶ 13, *See also* Exhibit C. Thus, Plaintiff's contractual demand alone satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a). Furthermore, if Plaintiff was able to meet his burden of proving that State Farm arbitrarily failed to timely pay the amounts owed them, then State Farm may be liable for 50% damages on the amount found to be due to the Plaintiff. *See* La. R.S. 22:1892(B)(1). Thus, the penalties sought by Plaintiff in addition to the contractual demand alleged satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a). This amount does not include attorney's fees, which Plaintiffs also seek through this litigation. *See Exhibit A*, ¶ 39.

{S0463223.1}

### C.  Plaintiff Has Not Filed A Binding Stipulation Limiting Recovery

16.  To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

17.  The United States Supreme Court has held that with respect to the amount in controversy, a Plaintiffs must make all information known at the time he files the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a Plaintiffs from including an *ad damnum* clause: "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing Red Cab Co.,* 303 US at 283. Thus, once a defendant has removed the case, later filings by the Plaintiffs are irrelevant. *De Aguilar*, 47 F.3d at 1412. The state court stipulation from the Plaintiffs must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire & Cas., et. al.,* 2006 WL1581272, *2 (E.D. La. 2006).

18.  No such binding stipulation and renunciation has been made.

19.  While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing that that the amount in controversy is likely in excess of $75,000.

### III.  VENUE

20.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the Civil District Court for the Parish of Orleans, State of Louisiana.

### IV. PROCEDURAL REQUIREMENTS

21. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiff's Petition for Damages |
| B. | State Farm's Certificate of Compliance |
| C. | Plaintiff's Demand and Estimate |
| D. | Copy of State Farm Policy |
| E. | Certified Copy of the State Court Record. |

22. This Notice of Removal is being filed within thirty (30) days of June 19, 2023, the date on which State Farm's registered agent for service of process was served with Plaintiff's Petition. *See Exhibit A*. This notice of removal is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and State Farm with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

23. Pursuant to 28 U.S.C. § 1446(a) a Certified Copy of the State Court Record prior to the filing of this Notice of Removal has been made available and attach as *Exhibit E*.

24. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit B*.

25. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana promptly after filing of same. *Exhibit B*.

{S0463223.1}

26.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Defendant State Farm Fire and Casualty Company is the sole defendant named in Plaintiff's Petition.

27.   The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Brock L. Wimberley*

DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:    (504) 380-0290
Facsimile:    (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile, or by placing the same in the United States mail, properly addressed and postage pre-paid, this 19th day of July, 2023.

*/s/ Brock L. Wimberley*

BROCK L. WIMBERLEY

{S0463223.1}