## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEONZELL BROWN** | * | **CIVIL ACTION NO.: 2:23-cv-02603** |
| | * | |
| | * | **JUDGE:  CARL J. BARBIER** |
| **VERSUS** | * | |
| | * | **SECTION:** |
| **STATE FARM FIRE AND** | * | |
| **CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | **JANIS VAN MEERVELD** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ANSWER AND DEFENSES

**NOW COMES**, through undersigned counsel, defendant, State Farm Fire and Casualty Company, who files this Answer and Defenses and, in support of same, states as follows:

### FIRST DEFENSE

The claims stated in the Petition are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiff, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### SECOND DEFENSE

To the extent that Plaintiff has already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, and in the event of a further judgment in favor of Plaintiff, State Farm claims a credit or a setoff for all amounts previously paid.

{S0466659.1}

## THIRD DEFENSE

State Farm avers that the insurance policy at issue states the following:

### SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING

We will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy.  However, loss does not include and we will not pay for, any diminution in value.

### COVERAGE B – PERSONAL PROPERTY

We will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in SECTION I – LOSSES NOT INSURED or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any diminution in value.

## FOURTH DEFENSE

State Farm avers that that insurance policy at issue excludes the following losses:

### SECTION I – LOSSES NOT INSURED

1.  We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    ….

    g.  wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

    h.  corrosion, electrolysis, or rust;

    i.  wet or dry rot;

    ….

    k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs or ceilings;

    . . . .

However, we will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured by this Section.

## FIFTH DEFENSE

State Farm avers that that insurance policy at issue excludes the following losses:

## SECTION I – LOSSES NOT INSURED

. . . .

2.    We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these:

. . . .

c.    Water, meaning:

(1)    flood;

(2)    surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

d.    Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

## SIXTH DEFENSE

State Farm avers that the insurance policy at issue excludes the following losses:

## SECTION I – LOSSES NOT INSURED

. . . .

3.    We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.    conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.    defect, weakness, inadequacy, fault or unsoundness in:

(1)    planning, zoning, development, surveying, or siting;

(2)    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3)    materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4)    maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or

c.    weather conditions.

However, we will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described by this Section.

## SEVENTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

## SECTION I – LOSS SETTLEMENT

Only the Loss Settlement Provisions shown in the Declarations apply. We will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and we will not pay, any amount for diminution of value.

## COVERAGE A – DWELLING

1.    A1 – Replacement Cost Loss Settlement – Similar Construction

a.    We will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

(1)    until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

      (3)     to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

      (4)     we will not pay for increased costs resulting from enforcement of any ordinance or law regulating construction, repair, or demolition of a building structure or other structure, except as provided under OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.

   b.    Wood Fences: We will pay the actual cash value for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – Other Structures.

## **EIGHTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

## **SECTION I – LOSS SETTLEMENT**

. . . .

## **COVERAGE B – PERSONAL PROPERTY**

1.     B1 – Limited Replacement Cost Loss Settlement

   a.    We will pay the cost to repair or replace property covered under SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY with property of like kind and quality, except for property listed in item b. below, subject to the following:

      (1)     until repair or replacement is completed, we will pay only the actual cash value of the damaged property;

      (2)     after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and necessarily spent to repair or replace the property; and

      (3)     if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

   b.    We will pay market value at the time of loss for:

      (1)     antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2)     articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

(3)     property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1)     our cost to replace at the time of loss;

(2)     the full cost of repair

(3)     any special limit of liability described in this policy; or

(4)     any applicable Coverage B limit of liability.

## NINTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

## SECTION I – CONDITIONS

. . . .

2.     Your Duties After Loss. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

    . . . .

    b.     protect the property from further damage or loss and also:

        (1)     make reasonable and necessary temporary repairs required to protect the property; and

        (2)     keep an accurate record of repair expenses;

    . . . .

    e.     submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

        (1) the time and cause of loss;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss;

. . . .

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

**TENTH DEFENSE**

State Farm avers that the insurance policy at issue states the following:

**SECTION I – PROPERTY COVERAGES**

. . . .

**COVERAGE C – LOSS OF USE**

The most we will pay for the sum of all losses combined under Additional Living Expense, Fair Rental Value, and Prohibited Use is the limit of liability shown in the Declarations for Coverage C – Loss of Use.

1.      Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

   a.      the time required to repair or replace the premises;

   b.      the time required for your household to settle elsewhere; or

   c.      24 months.

. . . .

3.      Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

a.    direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to the property on the residence premises;

b.    the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

c.    the action of the civil authority is taken in response to:

(1)    dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

(2)    dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

(3)    the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

**AND NOW**, answering the severally numbered articles of the Plaintiff's Petition, State Farm respectfully avers:

1.

In response to the allegations preceding Paragraph 1, State Farm does not dispute the allegations regarding Plaintiff's age and residency. State Farm further admits that it is a foreign insurer authorized to do business in the State of Louisiana and may be served through the Secretary of State. State Farm avers that the Policy, being a written contract, is the best evidence of its contents, including the terms and conditions and denies all else.

2.

State Farm admits the allegations of Paragraph 2 upon information and belief.

3.

State Farm admits it homeowner's policy number 18-C7-1958-0 (the "Policy") to Plaintiff for the property located at 7110 Beauvoir Ct., New Orleans, Louisiana 70128 and that

said Policy was in full force and effect on August 29, 2021. Further, State Farm admits that it charged a premium in consideration for the coverages provided under the Policy.  State Farm avers that the policy, being a written contract, is the best evidence of its contents, including the terms and conditions. State Farm denies the remaining allegations of Paragraph 5 to the extent they imply liability on the part of State Farm.

4

The allegations contained within Paragraph 4 are denied as written, except to admit that Hurricane Ida made landfall on August 29, 2021, and that the National Weather Service presently reports that Hurricane Ida made landfall at or near Port Fourchon, Louisiana.

5.

The allegations contained within Paragraph 5 are denied, except to admit that Plaintiff's property sustained some damage caused by Hurricane Ida; however, the extent of damage is disputed.

6.

The allegations contained within Paragraph 6 are denied, except to admit that Plaintiff's property sustained some damage caused by Hurricane Ida; however, the extent of damage is disputed.

7.

State Farm admits that on or about September 18, 2021, Plaintiff filed a claim for insurance benefits following Hurricane Ida and were assigned claim number 18-24L7-85G.

8.

The allegations contained within Paragraph 8 are denied, except to admit that an adjuster inspected Plaintiffs' property on behalf of State Farm and prepared an estimate. State Farm avers that the estimate, being a written document, is the best evidence of its contents.

9.

State Farm admits that the inspection it conducted provided sufficient information to State Farm to identify the covered damages. State Farm avers that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and denies all else.

10.

The allegations contained within Paragraph 10 are denied.

11.

The allegations contained within Paragraph 11 are denied.

12.

State Farm admits that it received correspondence from Plaintiff and/or their representative which contained attachments, including an estimate and report. The correspondence, estimate, and report, being written documents, are the best evidence of their contents. State Farm denies all else.

13.

State Farm admits that it received correspondence from Plaintiff and/or their representatives which contained attachments, including an estimate and report. The correspondence, estimate, and report, being written documents, are the best evidence of their contents. State Farm denies all else.

14.

The allegations contained within Paragraph 14 are denied. State Farm avers that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

15.

The allegations contained within Paragraph 15 are denied. State Farm avers that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

16.

The allegations contained within Paragraph 16 are denied.

17.

The allegations contained within Paragraph 17, including its subparts A) through F), are denied.

18.

The allegations contained within Paragraph 18 are denied.

19.

The allegations contained within Paragraph 19 are denied.

20.

The allegations contained within Paragraph 20 are denied.

21.

The allegations contained within Paragraph 21 are denied.

22.

In response to Paragraph 22, State Farm fully repeats, reiterates, and re-alleges its defenses and answers to Paragraphs 1 through 21 as is fully set forth herein.

23.

The allegations contained within Paragraph 23 are denied. State Farm avers that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

24.

State Farm admits it homeowner's policy number 18-C7-1958-0 (the "Policy") to Plaintiff for the property located at 7110 Beauvoir Ct., New Orleans, Louisiana 70128 and that said Policy was in full force and effect on August 29, 2021. Further, State Farm admits that it charged a premium in consideration for the coverages provided under the Policy. State Farm avers that the policy, being a written contract, is the best evidence of its contents, including the terms and conditions. State Farm denies the remaining allegations of Paragraph 5 to the extent they imply liability on the part of State Farm.

25.

The allegations contained within Paragraph 25, including its subparts A) through F), are denied.

26.

The allegations contained within Paragraph 26 are denied.

27.

In response to Paragraph 27, State Farm fully repeats, reiterates, and re-alleges its defenses and answers to Paragraphs 1 through 26 as is fully set forth herein.

28.

The allegations contained within Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are an attempted restatement of the law. The allegations are denied as written, denied to the extent they imply liability on State Farm, and denied to the extent they imply State Farm breached any statutory or contractual duty. State Farm admits La. R.S. 22:1973 is the best evidence of its contents and denies everything at variance therewith.

30.

The allegations contained in Paragraph 30 are an attempted restatement of the law. The allegations are denied as written, denied to the extent they imply liability on State Farm, and denied to the extent they imply State Farm breached any statutory or contractual duty. State Farm admits La. R.S. 22:1973 is the best evidence of its contents and denies everything at variance therewith.

31.

The allegations contained in Paragraph 31 are an attempted restatement of the law. The allegations are denied as written, denied to the extent they imply liability on State Farm, and denied to the extent they imply State Farm breached any statutory or contractual duty. State Farm admits La. R.S. 22:1892 is the best evidence of its contents and denies everything at variance therewith.

32.

The allegations contained within Paragraph 32 are denied.

33.

The allegations contained within Paragraph 33 are denied. State Farm avers that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

34.

The allegations contained within Paragraph 34, including its subparts A) through G), are denied.

35.

The allegations contained within Paragraph 35 are denied.

36.

The allegations contained within Paragraph 36 are denied.

37.

In response to Paragraph 37, State Farm fully repeats, reiterates, and re-alleges its defenses and answers to Paragraphs 1 through 36 as is fully set forth herein.

38.

The allegations contained within Paragraph 38, including its subparts A) through C), are denied.

39.

The allegations contained within Paragraph 38, including its subparts A) through J), are denied.

40.

State Farm denies that Plaintiff is entitled to the relief sought in their Prayer for Relief.

## **JURY DEMAND**

State Farm requests a trial by jury for all issues which may be tried by jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, State Farm reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at Plaintiffs' cost, and for all general and equitable relief.

Respectfully submitted,

*/s/ Brock L. Wimberley*

DAVID A. STRAUSS, #24665
BROCK L. WIMBERLEY, #37919
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:     (504) 380-0290
Facsimile:      (504) 332-8434
dstrauss@smd-law.com
bwimberley@smd-law.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile, or by placing the same in the United States mail, properly addressed and postage pre-paid, this 28th day of July, 2023.

*/s/ Brock L. Wimberley*

BROCK L. WIMBERLEY

{S0466659.1}